**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3662-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HECTOR C. CORDERO,

     Defendant-Appellant.

_____

Submitted November 2, 2020 – Decided November 17, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-08-2512.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard E. Drucks, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty to first-degree aggravated manslaughter, defendant appeals from a February 8, 2019 order denying his petition for post-conviction relief (PCR). Defendant maintains his plea counsel rendered ineffective assistance by failing to make evidence-based arguments related to mitigation, competency, and capacity. Judge Gwendolyn Blue found defendant knowingly and voluntarily pled guilty, entered the order under review, and rendered a comprehensive oral opinion.

On appeal, defendant argues:

> POINT I
>
> THE PCR [JUDGE] ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] DESPITE INEFFECTIVE ASSISTANCE OF [PLEA] COUNSEL AS ESTABLISHED PURSUANT TO THE U.S. CONST. AMEND. VI AND BY THE N.J. CONST. ART. I, ¶ 10. (Raised Below).
>
> POINT II
>
> THE PCR [JUDGE] ERRED IN NOT RULING THAT [PLEA] COUNSEL'S FAILURE T[O] MAKE EVIDENCE-BASED ARGUMENTS RELEVANT TO MITIGATION CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL. (Raised Below).
>
> POINT III
>
> THE PCR [JUDGE] ERRED IN NOT RULING THAT [PLEA] COUNSEL'S FAILURE TO RAISE EVIDENCE-BASED ARGUMENTS REGARDING

2

COMPETENCY CONSTITUTED INEFFECTIVE ASSISTANCE OF [PLEA] COUNSEL. (Raised Below).

POINT IV

THE [PCR JUDGE] ERRED IN NOT RULING THAT [PLEA] COUNSEL'S FAILURE TO DEVELOP CAPACITY ARGUMENTS BASED ON DEFENDANT'S MEDICAL RECORDS DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF [PLEA] COUNSEL. (Raised Below).

POINT V

THE PCR [JUDGE] ERRED IN MISCHARACTERIZING THE RECORD AND DEFENDANT'S ARGUMENTS.

POINT VI

THE PCR [JUDGE] ERRED IN NOT RULING THAT THE ERRORS OF [PLEA] COUNSEL CUMULATIVELY CONSTITUTED INEFFECTIVE ASSISTANCE OF [PLEA] COUNSEL.

POINT VII

THE [PCR JUDGE] ERRED IN REFUSING TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING REGARDING DEFENDANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF [PLEA] COUNSEL.

We disagree and affirm.

3

Defendant's ineffective assistance of counsel claims are akin to an excessive sentence challenge and are substantially equivalent to claims raised—or that could have been raised—on direct appeal and are therefore barred under Rule 3:22-4(a). Even if they were not—which is not the case—they are substantively meritless. Defendant failed to satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). We will address defendant's procedural and substantive contentions.

I.

It is well-settled that PCR proceedings are not a substitute for a direct appeal. R. 3:22-3; State v. Afanador, 151 N.J. 41, 50 (1997). "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not be raised on direct appeal." Id. at 49 (citing State v. McQuaid, 147 N.J. 464, 482 (1997)). "Under Rule 3:22-5, prior adjudication of an issue, including a decision on direct appeal, will ordinarily bar a subsequent [PCR] hearing on the same basis." Id. at 51. PCR is precluded when the issue is identical or substantially equivalent to the issue already adjudicated on the merits. Ibid. (citing McQuaid, 147 N.J. at 484). "PCR cannot be used to circumvent issues that could have, but were not raised

4

on appeal, unless the circumstances fall within one of the exceptions." Id. at 50

(citing R. 3:22-4). Rule 3:22-4(a) provides:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> > (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
> >
> > (2) that the enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
> >
> > (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States of the State of New Jersey.
> >
> > A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.
> >
> > A denial of relief would be contrary to a new rule of constitutional law only if the defendant shows that the claim relies on a new rule of constitutional law, made retroactive to defendant's petition by the

5

United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings.

[R. 3:22-4(a)(1)-(3).]

Defendant argues that plea counsel rendered ineffective assistance by not investigating and raising mental illness as a non-statutory factor and by failing to present competency and capacity arguments in support of mitigating factors (2) and (4) at sentencing. But the judge concluded—and we agree—that defendant's ineffective assistance claims are really "excessive sentence argument[s] in disguise," which Rule 3:22-4(a) precludes. See State v. Acevedo, 205 N.J. 40, 44 (2011) (explaining that "excessive sentencing arguments must be raised in a direct appeal, not by way of . . . a petition for [PCR]").

Moreover, defendant's claims were previously adjudicated or could have been raised on direct appeal. At defendant's excessive sentence oral argument his appellate counsel argued that the trial judge should have afforded weight to defendant's alleged mental illness as a non-statutory factor and emphasized that defendant suffered from schizophrenia and bipolar disorder and had been hospitalized on several occasions. Appellate counsel also argued that the trial judge should have ordered a psychological evaluation of defendant prior to

A-3662-18T1

sentencing. This court considered these arguments and all relevant mitigating factors and affirmed defendant's sentence.

As such, defendant's claims are procedurally barred.

## II.

Even if defendant's arguments were not procedurally barred—which is not the case—he has failed to establish a prima facie claim for ineffective assistance of counsel under Strickland/Fritz.

To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, we must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

Defendant argues his plea counsel rendered ineffective assistance by failing to make capacity, competency, and mitigation arguments. As to the first prong of Strickland/Fritz, the judge concluded that:

> [E]ven if [an] excessive sentencing argument was a [cognizable] claim [on] . . . PCR, even if the Appellate Division had not already ruled in this matter, I find that . . . defendant's [plea] counsel acted within the range of

A-3662-18T1

competence demanded of attorneys in criminal cases when he argued during his client's sentencing, requesting a mid-range sentence.

We substantially agree. Counsel argued for a mid-range sentence where the recommended term in the initial plea agreement was twenty-five years. Counsel urged the judge to consider defendant's cooperation, his intent to rehabilitate himself, and the hardship a long sentence would pose on his relationship with his child. Therefore, defendant failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.

The judge noted that defendant was aware she was not bound by the recommended sentence but voluntarily pled guilty. Defendant gave a sufficient factual basis, and represented that he reviewed the police reports, his plea counsel answered his questions, he was satisfied with his counsel's services, he was pleading guilty voluntarily of his own free will, and that he understood his sentencing exposure.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the

8

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

Defendant presented no reports showing how his alleged intoxication prevented him from forming the mens rea required for this crime and failed to demonstrate that he would have prevailed on an intoxication defense. The judge found that the introduction of defendant's mental health history would not have been "outcome determinative" because the judge had given counsel time to acquire information regarding his client and the pre-sentencing report outlined defendant's self-reported mental health issues. There were no filed reports

indicating the defendant's mental health impacted his decision-making at the time of the incident or that he suffered from a mental defect that interfered with his ability to understand. Defendant's blanket allegations, unsupported by any documents, are insufficient under Strickland/Fritz. See State v. Cummings, 321 N.J. Super. 154, 170 (1999) (stating that "a [defendant] must do more than make bald assertions"). Defendant failed to demonstrate a reasonable probability that but for plea counsel's failure to ask for more mitigating factors, the result would have been different.

III.

Finally, an evidentiary hearing was unwarranted. A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). The defendant bears the burden of establishing a prima facie case. State v. Gaitan, 209 N.J. 339, 350 (2012). Defendant did not satisfy this burden.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3662-18T1